UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

Energía y Renovación Holding, S.A.,

  BMW Plaza, 9th Floor
  50 Street
  Panama City
  Panama

        *Petitioner*,
v.

Republic of Guatemala,

  Procuraduría General de la Nación
  15 Av. 9-69, Zona 13
  Guatemala, C.A. 01013

        *Respondent.*

**Civil Action No. _____**

---

**PETITION TO RECOGNIZE FINAL
ICSID ARBITRAL AWARD PURSUANT TO 22 U.S.C. § 1650a**

Petitioner, Energía y Renovación Holding, S.A. ("Petitioner" or "EyR"), by and through undersigned counsel, hereby petitions this Court for recognition of the final ICSID arbitral award rendered in the matter of *Energía y Renovación Holding, S.A. v. the Republic of Guatemala*, ICSID Case No. ARB/21/56, dated March 31, 2025 (the "Final Award"), pursuant to 22 U.S.C. § 1650(a) and Article 54 of the Convention on the Settlement of Investment Disputes Between States and Nationals of Other States (the "ICSID Convention"), and entry of judgment thereon. In support of its petition (the "Petition"), EyR states as follows:

1

## **INTRODUCTION**

1.  The Final Award was issued by an arbitral tribunal (the "Tribunal" or "Arbitral Tribunal") constituted in accordance with the Free Trade Agreement between Central America and Panama, signed on March 6, 2002 and which entered into force on June 22, 2009 (the "Treaty"). A true and correct copy of the Treaty is attached as **Exhibit 1** to the accompanying Declaration of Hans H. Hertell ("Hertell Decl."), which is attached hereto as **Exhibit A**.[1]

2.  The Arbitral Tribunal rendered the Final Award on March 31, 2025. The Final Award granted EyR USD $64,504,000 in damages against the Republic of Guatemala, as well as applicable interest. The Final Award also ordered Guatemala to pay USD $3,931,028.40 in costs and legal fees, as well as applicable interest. A duly certified copy of the Final Award is attached to the Hertell Decl. as **Exhibit 2**.[2]

3.  In addition, on June 27, 2025, the Arbitral Tribunal granted EyR's petition requesting the rectification of the Final Award in order to rectify minor clerical errors. A duly certified copy of the Decision on Rectification is attached to the Hertell Decl. as **Exhibit 3**.[3]

---

[1]   The certified copy of the relevant investment chapter of the Treaty (Chapter 10), which official version is only available in Spanish, is in the process of being translated into English. A certified copy of the English translation of this chapter of the Treaty will be filed with the Court upon receipt.

[2]   The certified copy of the Final Award, which was rendered in Spanish, is in the process of being translated into English. A certified copy of the English translation will be filed with the Court upon receipt.

[3]   The Tribunal's Decision on Rectification, which was rendered in Spanish, is in the process of being translated into English. A certified copy of this English translation will be filed with the Court upon receipt.

4.	On April 7, 2025, EyR made formal demand for Guatemala to promptly satisfy the Final Award. Guatemala failed to respond to EyR's demand for payment and has refused to honor the Final Award and failed to take any steps to satisfy the Final Award, which remains unpaid.

## THE PARTIES

5.	Petitioner, EyR, is a company incorporated under the laws of the Republic of Panama. EyR was the claimant in the arbitration proceeding that resulted in the Final Award.

6.	Respondent, the Republic of Guatemala ("Respondent" or "Guatemala"), is a foreign state as defined in the Foreign Sovereign Immunities Act, 28 U.S.C. § 1603. Guatemala was the respondent in the arbitration that resulted in the Final Award.

## JURISDICTION AND VENUE

7.	This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1330(a) and 22 U.S.C. § 1650a(b). This case falls within the exceptions to foreign immunity set forth in (i) 28 U.S.C. § 1605(a)(1) for cases in which a foreign state has waived its immunity either explicitly or by implication; and (ii) 28 U.S.C. § 1605(a)(6) for cases brought against a foreign state to confirm an arbitration award that "is or may be governed by a treaty or other international agreement in force for the United States calling for the recognition and enforcement of arbitral awards." As provided in 22 U.S.C. § 1650a(a), the "obligations imposed by [the Final Award] … shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States." In turn, 22 U.S.C. § 1650a(b) grants district courts of the United States "exclusive jurisdiction over actions and proceedings under [subsection Section 1650a(a)]."

8. The Federal Arbitration Act ("FAA") (9 U.S.C. §§ 1 *et seq*.) does not apply to "enforcement of awards rendered pursuant to the [ICSID] convention." 22 U.S.C. § 1650(a). Therefore, the Petitioner is not required to meet the FAA's jurisdictional requirements.

9. This Court has personal jurisdiction over Guatemala pursuant to 28 U.S.C. § 1330(b), which grants personal jurisdiction over a foreign state where subject matter jurisdiction exists pursuant to 28 U.S.C. § 1330(a).

10. Venue is proper in this District under 28 U.S.C. § 1391(f)(4), which provides that a civil action against a foreign state may be brought in the United States District Court for the District of Columbia.

## FACTUAL AND PROCEDURAL BACKGROUND

11. Petitioner, EyR, initiated an investment arbitration proceeding against Guatemala on October 21, 2021 pursuant to the Treaty. *See* Final Award, ¶ 14. The Request for Arbitration was filed before the International Centre for Settlement of Investment Disputes ("ICSID"), and ICSID registered the Request for Arbitration on November 15, 2021. *See id.*, ¶ 15. The arbitration proceeded in accordance with the ICSID Convention and the ICSID Arbitration Rules (2006). *See id.*, ¶¶ 15, 25.

12. In its Request for Arbitration, EyR alleged that Guatemala failed to protect EyR's investments in Guatemala, including two hydroelectric power plants and a transmission line, owned by EyR, from attacks by criminal organizations operating in the area of San Mateo Ixtatán in Guatemala. EyR further alleged that these failures constituted breaches of the Treaty. *See id.*, ¶¶ 1, 7-8.

13. Because EyR is a Panamanian company, its investments are protected by the Treaty, which provides in Chapter 10 for arbitration under the ICSID Convention for investment

disputes between a contracting party (Guatemala) and an investor of the other contracting party (Panama). *See* Treaty, Chapter 10. Specifically, pursuant to Articles 10.18 and 10.21 of the Treaty, Guatemala agreed to arbitrate investment disputes brought by a Panamanian company such as EyR for breaches of protections afforded by Guatemala under Chapter 10 of the Treaty. *Id.* Further, Guatemala consented to arbitration under the ICSID Convention where both the host state (Guatemala) and the state of the investor (Panama) are members of the ICSID Convention, which is the case here. *Id.*

14. A three member Arbitral Tribunal was constituted in accordance with Article 37(2)(a) of the ICSID Convention. The Tribunal was duly constituted on March 7, 2022. *See id.*, ¶ 23. The Tribunal was composed of Professor Diego P. Fernández Arroyo (Chair), Professor Guido Santiago Tawil (appointed by EyR) and Professor Raúl Emilio Vinuesa (appointed by Guatemala). *See id.*, ¶¶ 16-21.

15. Guatemala fully participated in the arbitration, through external counsel, including by engaging in the document production phase as well as by submitting jurisdictional objections, memorials on the merits, fact witness declarations, and expert reports. *See id.*, ¶¶ 24-35, 43-58.

16. The Tribunal conducted a hearing on jurisdiction, merits, and damages on April 22-27, 2024. The hearing was held in-person at ICSID's headquarters in Washington, D.C. All Parties participated in the hearing with their respective external counsel and presented Opening Statements and Closing Arguments, as well as cross-examined fact witnesses and experts. *See id.*, ¶¶ 71-72. The Tribunal declared the proceedings closed on March 20, 2025. *See id.*, ¶ 76.

17. The Tribunal issued the Final Award on March 31, 2025. In the thorough and well-reasoned 156-page Final Award, a majority of the Tribunal ruled (i) that it had jurisdiction over EyR's claims and (ii) that Guatemala breached its obligation to provide EyR and its investment

with fair and equitable treatment and full protection and security.  As a result, the Final Award ordered Guatemala to pay EyR **USD $64,504,000** in damages plus interest, along with **USD $3,931,028.40** in attorneys' fees and costs, plus interest.  *See id.*, ¶ 493.

18.     On April 29, 2025, EyR filed a petition requesting the rectification of a portion of the Final Award due to minor clerical errors contained in Section IX of the Final Award (titled "Tribunal's Decision").  Guatemala responded on June 4, 2025, indicating that it had no comments to EyR's petition.  The Tribunal issued its Decision on Rectification on June 27, 2025.  In the Tribunal's Decision on Rectification, the Tribunal granted EyR's petition to rectify the minor clerical errors contained in the Final Award.  *See* Decision on Rectification, ¶¶ 27-30, 38.

19.     To date, Guatemala has taken no steps to satisfy the Final Award, which remains unpaid.

## LEGAL BASIS FOR RELIEF

20.     Article 54(1) of the ICSID Convention, to which the United States is a Contracting State, provides:

> Each Contracting State shall recognize an award rendered pursuant to this Convention as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that State. A Contracting State with a federal constitution may enforce such an award in or through its federal courts and may provide that such courts shall treat the award as if it were a final judgment of the courts of a constituent state.

21.     In connection with the ratification of the ICSID Convention, the United States adopted implementing legislation through 22 U.S.C. § 1650a.  Section 1650a(a) provides as follows:

> An award of an arbitral tribunal rendered pursuant to chapter IV of the [ICSID] convention shall create a right arising under a treaty of the United States. The pecuniary obligations imposed by such an award shall be enforced and shall be given the same full faith and credit as if the award

6

were a final judgment of a court of general jurisdiction of one of the several States. The Federal Arbitration Act (9 U.S.C. 1 et seq.) shall not apply to enforcement of awards rendered pursuant to the convention.

22. ICSID awards are entitled to recognition and enforcement in the federal district courts of the United States, provided that the district court has both subject matter and personal jurisdiction and the award is authentic. As this District has held, there is "no role for this Court [in enforcing an ICSID award] beyond ensuring its own jurisdiction over th[e] action and the validity of [the plaintiff's] entitlement to any unpaid claims under the [a]ward." *Webuild S.P.A. v. Argentine Republic*, No. CV 21-2464 (RBW), 2025 WL 1019246, at *4 (D.D.C. Apr. 4, 2025) ("the Court must determine that (1) it has subject-matter jurisdiction over this matter; (2) it has personal jurisdiction over the defendant; and (3) the ICSID award is authentic."); *TECO Guatemala Holdings, LLC v. Republic of Guatemala*, No. CV 17-102 (RDM), 2018 WL 4705794, at *2 (D.D.C. Sept. 30, 2018) ("A member state is 'not permitted to examine an ICSID award's merits, its compliance with international law, or the ICSID tribunal's jurisdiction to render the award; all it may do is 'examine the judgment's authenticity and enforce the obligations imposed by the award.'") (*quoting Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, 863 F.3d 96, 117-118 (2d Cir. 2017)).

23. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1330(a) and 22 U.S.C. § 1650a(b), and personal jurisdiction pursuant to 28 U.S.C. § 1330(b). In addition, there is no doubt as to the authenticity of the Final Award as its validity and authenticity was confirmed and certified by ICSID's Interim Secretary General, Mr. Gonzalo Flores. *See* Final Award, at ICSID Certificate Accompanying the Final Award dated 31 March 2025.

24. Therefore, Guatemala's pecuniary obligation under the valid, binding Final Award must be enforced. *See* 22 U.S.C. § 1650a(a).

7

## CLAIM FOR RELIEF:
## RECOGNITION OF THE FINAL AWARD PURSUANT TO 22 U.S.C. § 1650a

25. EyR restates and realleges all of the foregoing paragraphs as if fully set forth herein.

26. A binding arbitration award under the ICSID Convention has been properly issued in Petitioner's favor.

27. Both the United States and Guatemala are signatories to the ICSID Convention.[4] The ICSID Convention provides, at Article 54(1), that all Contracting Parties must recognize ICSID awards as "binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that State."

28. Awards issued pursuant to the ICSID Convention are subject to recognition and enforcement in the United States pursuant to 22 U.S.C. § 1650a.

29. Guatemala has refused to honor or satisfy the Final Award.

30. Accordingly, the Final Award should be recognized pursuant to 22 U.S.C. § 1650a and Article 54 of the ICSID Convention, and judgment in United States dollars should be entered for the monetary relief awarded by the Final Award.

## PRAYER FOR RELIEF

WHEREFORE, EyR respectfully requests that the Court:

(a) Enter an order recognizing the Final Award and enforcing the pecuniary obligations imposed by the Final Award as if the Final Award were a final judgment of this Court;

(b) Enter judgment in favor of EyR and against Guatemala, and order Guatemala to pay EyR the following amounts in accordance with the obligations set forth in the Final Award

---

[4] Database of ICSID Member States, *available at* *https://icsid.worldbank.org/about/member-states/database-of-member-states* (last visited June 27, 2025).

and the Decision on Rectification: (a) damages of **USD $64,504,000**, plus applicable interest to be calculated thereon in accordance with paragraph 493 of the Final Award, and (b) attorneys' fees and costs, as well as arbitrator and administrative fees and costs, of **USD $3,931,028.40**, plus applicable interest to be calculated in accordance with paragraph 493 of the Final Award;

   (c) Grant EyR leave to file a motion for its reasonable attorneys' fees and costs incurred in the present proceedings;

   (d) Retain jurisdiction to oversee the proper execution of the Final Award; and

   (e) Grant any further relief the Court deems just and proper under the circumstances.

A proposed order granting the relief requested above is attached hereto as **Exhibit B**.

Dated this 8th day of June, 2025.

        Respectfully submitted,

        By: /s/ Hans H. Hertell

        Hans H. Hertell
        D.C. Bar No. 996688
        hans.hertell@hoganlovells.com

        Richard C. Lorenzo
        *Pro Hac Vice Forthcoming*
        Florida Bar No. 071412
        richard.lorenzo@hoganlovells.com

        Maria Eugenia Ramirez
        *Pro Hac Vice Forthcoming*
        Florida Bar No. 349320
        maria.ramirez@hoganlovells.com

        **HOGAN LOVELLS US LLP**
        600 Brickell Avenue
        Suite 2700
        Miami, FL 33131
        Tel: (305) 459-6500
        Fax: (305) 459-6550

*Counsel for Petitioner, Energía y Renovación Holding, S.A.*